**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

MOISES VASQUEZ RODRIGUEZ,
Petitioner,
v.
CHRISTOPHER J. LAROSE, *et al.*,
Respondents.

Case No. 26-cv-04588-BAS-AHG

**ORDER GRANTING IN PART AMENDED PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 5)**

Petitioner Moises Vasquez Rodriguez filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, claiming he was improperly detained after the Office of Refugee Resettlement ("ORR") released him and allowed him to live in the United States. (ECF No. 5.) The Government filed a Return, conceding that a bond hearing is appropriate under *Rodriguez Vazquez v. Bostock*, No. 25-6842, __F.4th __ (9th Cir. July 30, 2026). (ECF No. 7.) Petitioner filed a Traverse. (ECF No. 8.) For the reasons stated below, the Court **GRANTS IN PART** the Amended Petition and orders that Petitioner be given a bond hearing within 14 days.

## I. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II. STATEMENT OF FACTS

In 2018, Petitioner entered the United States unlawfully as a 16-year-old unaccompanied minor. (Am. Pet. 2.) He was detained by immigration authorities and placed in a shelter for minors with ORR. (*Id.*) After about five months, ORR released Petitioner and permitted him to live with his uncle in Miami, Florida. (*Id.*)

On June 20, 2026, Petitioner was detained by state law enforcement on suspicion of driving without a license and possession of cocaine with the intent to distribute. (ECF No. 7-1.) On August 13, 2026, the state prosecutor filed an information charging Petitioner with felony possession of cocaine. (ECF No. 7-2.) After Petitioner posted bond, he was turned over to Immigration and Customs Enforcement ("ICE") and transferred to the Otay Mesa Detention Center. (Am. Pet. 3.) Petitioner seeks immediate release. (*Id.* 7–8.) Alternatively, he requests a bond hearing. (*Id.* 9–10.)

## III. ANALYSIS

Individuals released from custody, even where such release is conditional, have a liberty interest in continued liberty. *See, e.g.*, *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (parolees); *Young v. Harper*, 520 U.S. 143, 150 (1997) (pre-parolees); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (probationers). Thus, this Court agrees with those courts that have held:

> [O]nce a noncitizen has been released, the law prohibits federal agents from rearresting him merely because he is subject to removal proceedings. Rather, the federal agents must be able to present evidence of materially changed circumstances—namely, evidence that the noncitizen is in fact dangerous or has become a flight risk, or is now subject to a final order of removal. And if the noncitizen disputes the notion that changed circumstances justify his rearrest, he is entitled to a prompt hearing before an Immigration Judge.

*Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176–77 (N.D. Cal. 2017); *see also Kamalpreet v. Singh*, No. 26-cv-1211-LL-JLB, 2026 WL 622687, at *1 (S.D. Cal. Mar. 5, 2026) ("Although the initial decision to detain or release an individual may be within the government's discretion, the government's decision to release an individual from custody creates an implicit promise, upon which that individual may rely, that their liberty will be revoked only if they fail to live up to the conditions of release." (citation modified) (quoting *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025))).

Here, the Government released Petitioner in 2018 to live with a sponsor, which reflects the Government's determination that he was neither dangerous nor a flight risk. *See* 8 U.S.C. § 1232(c)(2) (allowing the Government to "consider danger to self, danger to the community, and risk of flight" when placing a minor "in the least restrictive setting that is in the best interest of the child"). Since then, circumstances have changed. Petitioner is an adult, and he has been charged with a felony in state court. However, Petitioner is still entitled to due process and a hearing before an Immigration Judge, where that Immigration Judge can assess whether circumstances have changed since Petitioner's original release and whether those changed circumstances now warrant detention without bond. The Government also concedes that a bond hearing is appropriate. Hence, the Court **GRANTS IN PART** the Amended Petition.

//

//

//

//

//

## IV. CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** a bond hearing before an Immigration Judge for Moises Vasquez Rodriguez (A# 215-944-664) within 14 days of this order. At that hearing, the Immigration Judge should assess whether circumstances have changed since Petitioner's release in 2018, and whether these changed circumstances now warrant detention instead of release.

The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

**DATED: September 1, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**